IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBBIE BEATY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-4713 |
| § | |
| TRAVELERS PERSONAL § | |
| INSURANCE COMPANY AND § | |
| BRENT DAUZAT, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Travelers Personal Insurance Company's Motion to Dismiss Brent Dauzat (Document No. 2). Having considered the motion, submissions, and applicable law, the Court determines that the pending motion should be granted.

## I. BACKGROUND

On August 14, 2025, Plaintiff Debbie Beaty ("Beaty") filed suit against Defendants Travelers Personal Insurance Company ("Travelers") and Brent Dauzat ("Dauzat") in state court for an alleged underpayment of insurance benefits compensating Beaty's property damage sustained from a weather event. Beaty asserted claims against Travelers for violations of the Texas Insurance Code, fraud, and breaches of the duty of good faith and fear dealings. Beaty also asserted claims against Dauzat, in his individual capacity as a Traveler's insurance agent, for

violations of the Texas Insurance Code. On October 2, 2025, Travelers removed the case to this Court pursuant to the Court's diversity jurisdiction. On that same date, Travelers moved to dismiss Dauzat from the present case pursuant to Texas Insurance Code §542A. Beaty failed to respond to Traveler's pending motion to dismiss either by the original response deadline or the date of this order.

## II. LAW & ANALYSIS

Travelers moves to dismiss Beaty's complaint against Dauzat, contending that the Texas Insurance Code allows an insurance agent such as Dauzat to avoid civil liability from a claimant if certain requirements are met. Beaty did not respond to the pending motion to dismiss, failing to rebut or offer evidence to counter any of Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of Beaty's failure to respond, the Court will consider the merits of Traveler's pending motion.

Section 542A.006(a) of the Texas Insurance Code states, in relevant part, that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." Travelers contends that it provided the requisite notice to Beaty on two separate occasions, and refers the Court to two

exhibits confirming that notice absolving Dauzat of liability was sent to Beaty on May 31, 2025, and July 1, 2025.[1] Beaty offers no response.

Having considered the motion, submissions, and applicable law, the Court finds that Travelers complied with the applicable provisions of the Texas Insurance Code by providing Beaty with the requisite notice to absolve Dauzat of liability. Accordingly, the Court finds that Traveler's motion to dismiss Dauzat with prejudice should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Travelers Personal Insurance Company's Motion to Dismiss Brent Dauzat (Document No. 2) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Debbie Beaty's claims against Brent Dauzat are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, on this **13** day of November, 2025.

DAVID HITTNER
United States District Judge

---

[1] *See Defendant Travelers Personal Insurance Company's Motion to Dismiss Brent Dauzat*, Document No. 2, Exhibits C & D (*Proofs of Notice*).

3